## SAN JUAN FRUIT COMPANY, Plff.,

*v.*

## SALOME CARRILLO ET AL., Dfts.

---

San Juan, Law, No. 1018.

ON MOTION OF DEFENDANTS TO DISMISS BECAUSE OF MISJOINDER.

Reivindicacion—Misjoinders of the Defendants.

1. Several persons who hold separate and distinct parcels of land on one general tract cannot be joined as defendants in an action of reivindicacion to recover the whole tract.

San Juan Fruit Co. v. Carrillo.

Consolidation of action.

2. The court cannot order or consider such an action against several defendants to be a consolidation of cases in accordance with § 921 of the Revised Statutes.

Opinion filed July 9, 1915.

*Mr. E. B. Wilcox* for plaintiff.

*Messrs. H. G. Molina* and *R. J. Van Deusen* for defendants.

HAMILTON, Judge, delivered the following opinion:

The court tried this case without a jury by agreement. 'A motion is made at the end of the evidence by the defendants for dismissal of the suit because of improper joinder both of parties and subject-matter. The matter has been argued at some length. The argument, so far as relates to the facts, will not be taken into account, but there is enough involved in it with reference to the law to render it worthy of very serious consideration.

1. It is an instance of what comes up every now and then from the mixed system of the law which we have in Porto Rico. The civil rights as to land, which are concerned in this case, come up under the Civil Code, which is thoroughly Spanish. The procedure by which the remedy is enforced comes before us under the Code of Civil Procedure which was adopted by Porto Rico from some of the Pacific states, and is founded upon common-law principles. It is therefore often right hard to decide what is the proper course to pursue. The remedy some-

times does not exactly fit the right, in that they grew up under different circumstances, and at the time the two Codes were adopted very little effort was made, apparently, to fit one into the theories of the other. That is the difficulty, but, of course, so far as the court is concerned, it is the same as if there was no difficulty. We have to proceed and reconcile them the best we can.

2. The point actually before the court is this: Here is a suit by the plaintiff, designed to enforce its rights and to recover some 52 acres of land near the south side of the San Juan bay. The plaintiff obtained it with one deed, and, for the sake of argument, it is one tract of land, going back for some distance in the records as one tract. It was originally part of another tract, but still its individuality can be traced. The parties defendant are made such on the theory that altogether they are withholding that land from the plaintiff. As decided previously on demurrer and motion,—and that is the law of this case; the court, unless clearly shown that it is wrong, should in the course of one case adhere to previous rulings,—the case can be maintained only on the theory that in some way these defendants are, between themselves, withholding the whole tract from the plaintiff, for instance, by an agreement. If it is shown that a number of defendants were, by agreement between themselves, withholding the tract of land, the fact that one was actually in possession of one piece, and one of another piece, I do not think would make any difference. It would be a joint withholding. Or, if it was grazing land, and one defendant put his stock at one place this week and at another place another week, and that was true of the others, that would probably be a joint withholding. Under those circumstances the defendants would certainly

San Juan Fruit Co. v. Carrillo.

be properly joined together. The general rule of all pleading is that one party or one interest sues another party or interest about one particular subject. Even as between the plaintiffs and defendants, there should not be joined entirely different subject-matters under the procedure of the Federal court. They have to have some relation to each other.

3. It is urged by the plaintiff that the principle above mentioned does not apply to this case, or, at all events, that there is an exception which takes it out of the rule, in this that the defendants all claim ultimately under one source of title, and that the source of title is antagonistic to that of the plaintiff, and so that after all we have two interests opposing each other; and the fact that the plaintiff knows who are in possession of separate tracts, under those circumstances, does not mean that there are really separate interests. Several cases are cited. Some have been discussed before. There is one from Pennsylvania which seems to a considerable extent to support the contentions of the plaintiff, and another from California. A Federal court treats the decisions of a state court with the greatest respect, but it can only apply them when the facts and the law are the same in the cases that are in question as they are in the case at bar, and the court is not satisfied as to that in regard to the two cases cited.

In the case of Greer v. Mezes, 24 How. 268, at 276, 16 L. ed. 661, 664, the court says that the principles established by courts of common law for ejectment properly control the Federal courts. "The hybrid mixture of civil and common-law pleadings and practice introduced by state Codes cannot be transplanted into the courts of the United States." This does not apply to the suit at bar, which is brought under the Code of

Civil Procedure of Porto Rico. "In the action of ejectment, a plaintiff will not be allowed to join in one suit several and distinct parcels, tenements, or tracts of land, in possession of several defendants, each claiming for himself. But he is not bound to bring a separate action against several trespassers on his single, separate, and distinct tenement or parcel of land. As to him they are all trespassers, and he cannot know how they claim, whether jointly or severally; or if severally, how much each one claims; nor is it necessary to make such proof in order to support his action. Each defendant has a right to take defense specially for such portion of the land as he claims, and by doing so he necessarily disclaims any title to the residue of the land described in the declaration; and if on the trial he succeeds in establishing his title to so much of it as he has taken defense for, and in showing that he was not in possession of any of the remainder disclaimed, he will be entitled to a verdict. He may also demand a separate trial, and that his case be not complicated or impeded by the issues made with others, or himself made liable for costs unconnected with his separate litigation.

"If he pleads nothing but the general issue, and is found in possession of any part of the land demanded, he is considered as taking defense for the whole. How can he call on the plaintiffs to prove how much he claims, or the jury to find a separate verdict as to his separate holding, when he will neither by his pleading nor evidence signify how much he claims? This was a fact known only to himself, and one with which the plaintiff had no concern and the jury no knowledge. If a general verdict leaves each one liable for all the costs, it is a necessary conse-

San Juan Fruit Co. v. Carrillo.

quence of their own conduct, and no one has a right to complain."

This, however, does not apply to the case at bar because the defendants, not only by the demurrer and motion, but by answer, set out that they severally were in possession of entirely distinct tracts of land. The boundaries were not given, but the description is to be considered sufficient in that it was not demurred to.

4. In the next place, suppose there was a well-defined exception of the nature spoken of in the law of ejectment, because those American cases refer to the law of ejectment, would that apply to a suit brought in Porto Rico? I do not think it would. An ejectment suit, as such, is not known in Porto Rico. The word ejectment is used as a matter of convenience. In fact, we speak of certain flowers here and certain plants as being the same as those in the states. There is a tree here called an oak that has very little resemblance to one in the states. So the use of the word ejectment is simply to have a name for a thing, but it is not the same in its details. The only resemblance is that it is designed to recover the possession or title of land. The way it goes about that is somewhat different. Under the Code of Civil Procedure it is much more direct, and all elements which relate to the principle of ejectment originally are eliminated. I think that under the Code of Civil Procedure a nearer analogy would be the Spanish procedure called reivindicacion, that is to say, a suit for the thing itself, without any of the fiction that was connected with ejectment. I have not been cited to any Spanish or Porto Rican case which gives the exception which is contended for in this case, and, on principle, I do

not think that there could be any such exception under the Civil Code. So much then for the remedy.

5. It is contended, though, that the court has the right to consolidate cases. That is given by the Revised Statutes, Sec. 921, and applies to common law as well as equity cases. No doubt in a proper case the court can consolidate, and consolidate against the will of at least one of the parties. I doubt if I could do so against the will of both of them. But the argument now made is that if the court could have consolidated these cases to start with, it has the right to treat them as consolidated now in the furtherance of justice. I doubt that. It might be true in equity, where the forms of procedure are very flexible. But in point of fact there has been no consolidation whatever, because there have been no several cases, and it would be an error, I think, against the objection of one party, to treat as consolidated what actually was never consolidated.

The result of this is what I have indicated already several times as to the conclusion of the court, that the point of misjoinder is well taken. I will make no suggestion as to how a case should be tried, because, in the first place, that suggestion must necessarily aid one side and must necessarily injure the other, so it cannot be agreeable to both sides, and, moreover, it has been indicated several times throughout the course of this proceeding already. I will not make any more indications of any sort. I will simply say that the point raised by the motion seems to be well taken, and that I will simply do this one thing, which the parties can take into account or not just as they please. The court has been on the bench all day, and will take this motion under advisement. My idea is that the motion is well taken, and I will render a decision to-morrow morning at 10 o'clock, sustaining the motion, unless before that time an of-

San Juan Fruit Co. v. Carrillo.

fer is made to change the pleadings so as to put the case in a different condition. I know that is not agreeable to both sides, but I will go that far. The case is taken under advisement until to-morrow morning at 10 o'clock, and, if the case is in the same condition then, the motion will be sustained.